# Wallace *v.* Baltimore & Ohio Railroad Company, Appellant.

*Railroads—Demurrage—Seizure of cars—Equity—Jurisdiction—Remedy at law.*

A railroad company has no lien for demurrage upon property transported over its road.

Where the case presented by a bill in equity filed against a railroad company, is not that of a common carrier refusing to perform its duty generally in the matter of the delivery of freight to the plaintiffs, resulting in irreparable injury to them in their business, but simply a refusal to deliver to them three particular cars loaded with freight belonging to them which the railroad company claimed the right to hold for demurrage charges, the plaintiff has an adequate remedy at law either in trespass or replevin and there is no jurisdiction in equity.

Argued Oct. 16, 1906. Appeal, No. 172, Oct. T., 1906, by defendant, from decree of C. P. Lawrence Co., Dec. T., 1904, No. 1, on bill in equity in case of F. W. Wallace and M. L. Wallace, trading as Wallace Brothers, v. Baltimore & Ohio Railroad Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Bill in equity for an injunction. Before PORTER, P. J.

·The opinion of the Supreme Court states the case.

The court entered the following decree :

That the said defendants be, and they hereby are, severally perpetually enjoined and restrained from refusing, neglecting or delaying to deliver to the plaintiffs the cars of lumber and freight consigned to the said plaintiffs upon the siding mentioned in the plaintiff's bill of complaint, upon payment or tender of the freight charges due on said cars, and that defendants be, and they hereby are, severally specially required, ordered and directed to deliver to the plaintiffs, upon their siding mentioned in the bill of complaint; all cars of freight consigned to the plaintiffs, and now or hereafter to come into the possession or control of the defendant company, upon payment or tender of the freight charges thereon.

*Error assigned* was the decree of the court.

*Wylie McCaslin*, with him *Arrel, Wilson & Harrington*, for appellant.

*J. Norman Martin*, for appellee.

OPINION BY MR. JUSTICE BROWN, January 7, 1907 :

The appellees are lumber dealers in the city of New Castle. They own a railroad siding or switch connected with the Baltimore & Ohio Company's line of railroad, on which that company has for many years been delivering to them carloads of lumber consigned to them. On September 11, 1904, the company sent an engine to the siding and took possession of three cars standing on it, loaded or partly loaded with lumber belonging to the appellees, and which had been delivered to them by the company on the said siding. These cars were taken away from the siding by the railroad company because the appellees had refused to pay demurrage charged for their alleged unreasonable detention. The claim of the company was that it had a lien for such demurrage. This bill was filed asking for an injunction to restrain the railroad company from refusing, neglecting or delaying to deliver cars of lumber and freight consigned to the appellees upon the siding upon their

payment or tender of the freight due, and that it be required to deliver to them, upon payment or tender of the freight charges, all cars or freight consigned to them which were then in or might come into its possession.  In its answer the appellant denied the allegation in the seventh paragraph of the bill, which was that the appellees had other cars consigned to them which were held by the company in its yards and sidings, and that other carloads of lumber had been ordered and purchased by them and would soon arrive in the yards of the defendant company, which was refusing, and continued to refuse, to deliver upon their siding carloads of lumber and freight consigned to them.

The appellant had no lien upon the cars taken from the siding for demurrage : Nicolette Lumber Co. v. People's Coal Co., 213 Pa. 379, and it had, therefore, no right to refuse to allow the appellees to unload the cars because demurrage was not paid.  There is nothing in the case to show that such a lien existed in favor of the appellant.  The only cars which the company refused to deliver to the appellees were the three taken from the siding.  M. L. Wallace, one of the appellees, admits in his testimony that he had not demanded delivery of any other cars, and that the company had not refused to deliver them.  In the court's findings of fact it does not appear that the company had refused, upon demand, to deliver to the plaintiffs any other cars than these three.  The case as presented below was, therefore, not that of common carrier refusing to perform its duty generally to the appellees, resulting in irreparable injury to them in their business, but simply a refusal to deliver to them on their siding three particular carloads of lumber.  For the refusal of the company to deliver these there was an adequate remedy at law, either in trespass or replevin, and the proceeding ought to have been on the common-law side of the court.  If the appellees had shown persistent refusal on the part of the appellant to perform its constant duty to them, a different situation would be presented, and equity would furnish the only adequate relief ; but it will not interfere when all the complainants are able to show is a refusal to deliver specific articles, for the refusal to deliver which there is compensation in damages.  For this reason the twelfth assignment of error is sustained.

The decree of the court below is reversed, and it is now ordered, adjudged and decreed that the plaintiff's bill be dismissed, with costs to the appellant.